UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE
*Petitioner*

Vs.

WELLS FARGO FINANCIAL RHODE ISLAND, Inc.
*Respondent*

C.A. No:

CA 16- 491 M

## PETITION TO COMPEL ARBITRATION

Now comes the Petitioner and pursuant to 9 U.S.C. § 4, petitions this Court to compel consumer arbitration with Wells Fargo Financial Rhode Island, Inc. (hereinafter "Wells Fargo").

### I. PRELIMINARY STATEMENT

This is the third time Petitioner seeks an order from this Court compelling arbitration with Respondent. Respondent refuses to arbitrate. This action arises out of the facts and circumstances surrounding a dispute over a consumer credit report. Petitioner, an individual, filed an arbitration claim with the American Arbitration Association ("AAA") against Wells Fargo to resolve a dispute between Petitioner and Respondent. As of November 5, 2015, AAA refuses to administer arbitrations for Wells Fargo because of Wells Fargo's contract requirements. On January 4, 2016, Petitioner filed a previous action in this court (*Laccinole v. Wells Fargo Financial Rhode Island* 1:16-cv-001M) seeking an order compelling arbitration in the JAMS arbitration forum. On January 26, 2016, Respondent's counsel Lauren J. O'Connor filed with this Court pleadings asserting, "Please be advised that Wells Fargo Financial Rhode Island, Inc. consents to arbitrate your dispute with JAMS." On February 19, 2016, Respondent's counsel again filed pleadings with this Court

1

assuring the Court and Petitioner that it would pay the arbitration fees: "If AAA cannot provide a retired federal district court judge, arbitrate with JAMS before a retired federal court judge, *with Wells Fargo to pay the arbitration fees.*" (emphasis added. *Laccinole v. Wells Fargo*; 1:16-cv-001M, ECF 11, Exhibit A)

On March 11, 2016, this court dismissed Petitioner's action, ruling that "the parties all agree to arbitration" and the case and controversy effectively ended the Court's subject matter jurisdiction. But Respondent refused to arbitrate.

Over six months have passed since Wells Fargo promised Petitioner and this Court it would pay arbitration fees, and Wells Fargo continues to refuse payment of arbitration fees. Petitioner has called Respondent's counsel and emailed Respondent's counsel repeatedly about this and received no response whatsoever. Petitioner attaches those unanswered emails to this petition as Exhibits A and B. Petitioner also attaches recent correspondence from JAMS seeking payment of the outstanding fees (see Exhibit C).

Petitioner verified as of the date of filing this instant petition that Respondent has not paid—nor even contacted—JAMS about this matter.

In the original petition action before this Court, Petitioner warned of this very dilemma where Respondent refused to arbitrate:

> As of the date of this filing, Plaintiff verified that Defendant has not contacted JAMS or paid the required initiation fees. Consequently, the arbitration cannot move forward until either Defendant pays the required fees or this Court orders arbitration. Plaintiff asserts that Defendant's request for dismissal is unwarranted and prejudicial to Plaintiff as he already paid the filing fee to this Court in this matter.
>
> (*Laccinole v. Wells Fargo*; 1:16-cv-001M, ECF 13, page 2; filed on March 10, 2016)

2

Petitioner seeks an order compelling arbitration so that he does not need to come back to Court to file a new action each time Respondent fails to arbitrate. Furthermore, JAMS bills on an ongoing basis, so there will be future invoices that JAMS will issue. Given Respondent's pattern of behavior, Petitioner expects that it will deliberately not pay those bills either, so as to stall the arbitration and force Petitioner to seek yet another order from this Court.

## II. PARTIES

1. Petitioner is a natural person, residing at 17 Richard Smith Road, Narragansett, Rhode Island 02882.

2. Upon information and belief, Respondent Wells Fargo Financial Rhode Island is at all times hereinafter mentioned, a Corporation. Respondent's principal office is located at 800 Walnut Street, Des Moines, IA 50309-3605.

3. Respondent Wells Fargo may be served upon its registered agent Corporation Service Company, 222 Jefferson Blvd, Suite 200, Warwick RI 02888.

4. Respondent furnishes information regarding consumer accounts to third parties and is subject to the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

5. Respondent marketed and sold deceptive subprime loans to Rhode Islanders during the heyday of subprime lending that led to the 2008 market collapse.

6. Petitioner was one of Respondent's victims.

7. The Petitioner's information that the Respondent reports as a credit reporting agency were incurred for the personal, family, or household use of the Petitioner.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 USC § 1331.

9. This Court has federal jurisdiction over FCRA claims pursuant to 15 U.S.C. § 1681p.

10. This Court further has jurisdiction over this matter because Wells Fargo's arbitration agreement provides, "The parties agree the Loan Agreement involves interstate commerce and shall be governed by the Federal Arbitration Act ('FAA"), Title 9, United States Code, and this Agreement shall be governed by the provisions of the FAA." (Exhibit A ¶ 4).

11. This Court further has jurisdiction for this petition pursuant to 9 U.S.C. § 4.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b).

13. Arbitration is provided for in Exhibit A.

## IV. FACTUAL ALLEGATIONS

14. On February 27, 2015, Petitioner initiated arbitration with Respondent in the American Arbitration Association (Case No. 01-15-0002-7683).

15. As part of the initiation, Petitioner paid the $200 filing fee to the American Arbitration Association.

16. Petitioner's dispute stems from multiple violations by Respondent of the Fair Credit Reporting Act 15 USC § 1681 et seq.

17. Respondent's contract provides that "the arbitrator shall be neutral and any party may require that the arbitrator be a retired federal judge." (Exhibit A, ¶ 2).

18. AAA does not have retired federal judges to administer consumer arbitration.

19. At the outset of filing the AAA arbitration, Petitioner required a retired federal judge because his claims involved FCRA violations.

20. In subsequent October 7, 2015 email from the AAA Case Manager, AAA related to the parties: "Please be advised, at this time we are unable to meet the requirements

set forth in the parties contract of and your request for a federal judge to be appointed in this matter."

21. On October 8, 2015, Petitioner advised Counsel for Respondent that he wished to proceed with arbitration in an alternate arbitration forum (JAMS).

22. JAMS is a well-respected consumer arbitration forum with dozens of retired federal judges available to arbitrate consumer claims.

23. Respondent's counsel repeatedly delayed follow up communications with Petitioner, but indicated that a JAMS arbitration was possible.

24. Respondent's counsel then fell silent.

25. Upon information and belief, Respondent knowingly marketed and sold consumer financial products with arbitration clauses that deceived consumers into believing they would be able to pursue remedy through arbitration.

26. Upon information and belief, Respondent deliberately wrote a contract that could not be administered by the American Arbitration Association to place Rhode Island consumers in jurisdictional oblivion—unable to seek remedy through the Courts or arbitration.

27. Upon information and belief, Wells Fargo's intent was to shield itself from any consumer protection claims so that it could flagrantly and repeatedly violate Rhode Island consumers' rights without fear of reprisal.

28. Respondent refuses to arbitrate despite Respondent's assurances to this Court.

29. Petitioner stipulates that this petition (and subsequent arbitration request in JAMS) does not seek recovery of the fees that Petitioner paid to the American Arbitration Association.

30. Petitioner has been damaged by Respondent's refusal to arbitrate.

## V. DISCUSSION

Courts have ruled that parties can be compelled to arbitrate even if the specified arbitration forum is unable to adjudicate the dispute. *Khan v. Dell Inc.*, 2012 WL 163899 (3d Cir. Jan. 20, 2012). In *Dell*, Khan purchased a Dell computer online through Dell's website. To complete the purchase, Khan was required to agree to "Dell's Terms and Conditions of Sale." One of the terms was that any dispute "SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION FORUM (NAF) under its Code of Procedure then in effect." *Id.* at *1 (emphasis in original). Following a number of problems with the computer, Khan filed a putative consumer class action lawsuit against Dell. At the time the lawsuit was filed, the NAF had been barred from conducting consumer arbitrations by Consent Judgment, which resolved litigation brought by the Minnesota Attorney General.

In response to Khan's lawsuit, Dell moved to compel arbitration arguing that the arbitration provision was binding and covered all of Khan's claims. Khan responded that the arbitration provision was unenforceable because the NAF, which the arbitration provision designated as the arbitration forum, was no longer permitted to conduct consumer arbitrations. Kahn also argued that the NAF's designation was integral to the arbitration provision such that, because the NAF could not perform its function, the arbitration provision in the Terms and Conditions should not be enforced.

The district court denied Dell's motion to compel arbitration holding that the language of the arbitration provision demonstrated the parties' intent to arbitrate exclusively before a particular arbitrator, not simply an intent to arbitrate generally. While the district

court acknowledged that some courts had held that 9 U.S.C. § 5 of the FAA provides a mechanism for the appointment of an arbitrator when a chosen arbitrator is unavailable, the Court found that the designation of the NAF as the arbitrator was integral to the agreement and that substituting another arbitrator would improperly force the parties to "submit to an arbitration proceeding to which they have not agreed." *Id.*

On appeal, the Third Circuit noted that in determining the applicability of § 5 of the FAA when an arbitrator is unavailable, courts have focused on whether the designation of the arbitrator was "integral" to the arbitration provision or was "merely an ancillary consideration." To be deemed "integral," the Court must find that the parties unambiguously expressed their intent not to arbitrate their disputes in the event the designated arbitration forum is unavailable. The Third Circuit found no such unambiguous expression by the parties in Dell. The court vacated the decision of the district court and instructed the court to appoint a substitute arbitrator.

In the instant petition, Wells Fargo did not limit arbitration to only one forum. In fact, the terms of Wells Fargo's contract provide that "IF ANY PROVISION OF THIS AGREEMENT IS HELD TO BE INVALID, THE INVALID PROVISION SHALL NOT AFFECT THE ENFORCEMENT OF ANY OTHER PROVISION OF THIS AGREEMENT." This portion of the contract was so important to Wells Fargo that it capitalized the entire paragraph. (Exhibit A, ¶ 6). Wells Fargo refuses to arbitrate or participate in the selection of another arbitration forum, despite Petitioner's repeated efforts to engage Wells Fargo. The JAMS arbitration forum can administer the arbitration according to the terms of Respondent's contract—and can even administer the arbitration under the AAA rules. JAMS's flexibility in administering this type of consumer arbitration

makes it the ideal choice of a substitute forum and that is why Petitioner requests this alternate forum.

## CONCLUSION

As such, pursuant to 9 U.S.C. § 4, and in light of the established policy recently articulated by the Supreme Court in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), of enforcing bilateral arbitration agreements, this Court should compel the Respondent to resolve these claims in an alternative arbitration forum before JAMS.

**WHEREFORE,** the Petitioner requests the Court make and enter an ORDER directing that arbitration proceed in the manner set forth in the arbitration agreement in the JAMS arbitration forum.

Petitioner, Christopher Laccinole, pro se

_____
Christopher M. Laccinole
17 Richard Smith Rd.
Narragansett, RI 02882
chrislaccinole@gmail.com